[No. 776.]

# THE HUMBOLDT MILL AND MINING COMPANY, APPELLANT, *v*. W. E. TERRY, JOHN A. FRIEND, L. E. DOAN AND RICHARD NASH, SHERIFF, RESPONDENTS.

FORM OF JUDGMENT.—The sufficiency of the writing, claimed to be a judgment, should always be tested by its substance rather than its form.

IDEM—JUDGMENT OF CONFESSION.—Where a statement and affidavit of confession authorizing the entry of judgment was filed with the clerk and the clerk copied the statement and affidavit in the judgment book and added: "Judgment entered April 14, A. D. 1874: Attest, J. H. Job, clerk," and indorsed the same on the back of the statement: *Held*, that this constitutes a valid judgment. (*Beatty*, *J*., dissenting.)

IDEM.—The statement and indorsement as entered in the judgment book was evidently intended as a determination of the rights of the parties to the confession, and it clearly shows in intelligible language the relief granted.

IDEM—CLERK'S DUTIES, MINISTERIAL.—In proceedings under the statute authorizing a judgment by confession there is no suit, no recovery or adjudication. The statute expressly authorizes the clerk to enter the judgment. The clerk is not invested with any judicial functions. It is his duty to enter a judgment and he can only enter such a judgment as the parties themselves have expressly authorized by their statement.

IDEM—AUTHORITY TO ENTER JUGDMENT.—The authority to enter the judgment is derived from the statute and the statement. The words "judgment entered," must be considered in connection with the statement. The statement with the indorsement and entry of the clerk, with suffi-

cient certainty, exhibits the parties, the subject-matter, and the result, and substantially complies with the provisions of the statute, 1 Comp. L. 1422. (*Beatty, J., dissenting.*)

IDEM—EFFECT OF ENTRY OF JUDGMENT.—The entry of the judgment, as made by the clerk, is a final determination of the rights of the parties, and would be a bar to any suit that might be brought upon the promissory note or indebtedness mentioned in the statement of confession.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are stated in the opinion of the Court.

*Robert M. Clarke and M. S. Bonnifield*, for Appellant.

I. There was no valid or sufficient judgment entered by the clerk upon the statement of confession. There was no judgment entered upon the statement. There was no judgment entered in the judgment book. There was no judgment roll. (1 Comp. Laws, secs. 1208, 1264, 1420–22; *Freeman on Judgments*, secs. 47, 50–52; 3 Clark, 474, 480; 3 Wis. 362–4; 39 Ill. 9–13; 20 Ala. 298; 13 How. Pr. 289; 3 Or. 406–411; 54 Ill. 189.)

II. The court has jurisdiction to restrain the sale of appellant's property on execution, although there be no valid judgment to support the execution, because if the sale were consummated and the sheriff's deed executed, the purchaser would acquire such an adverse claim as would lay the foundation of an action in equity to determine it. (Civ. P. Act, sec. 256; *Scorpion S. M. Co.* v. *Marsano*, 10 Nev. 370.)

One of the principal grounds of equity jurisdiction is the prevention of suits at law or in equity, and the prevention of costs and expenses. Wherever a suit might result from the act complained of, if equity did not interfere to prevent it, equity will interfere. (*High on Injunctions*, sec. 147; 7 Vesey, Jr., 413–415; 46 Ill. 122.)

The deed of the sheriff, upon the sale on the execution of the respondents would have, of course, the same effect as if the deed were executed directly by Ginaca and Gintz; and if placed upon record it would naturally create doubts

as to the validity as against the judgment creditors, of the previous transfer to the appellant.

Such deed is calculated to create uneasiness in the appellant, and to awaken suspicions in others of the existence of concealed defects in the title, and must thus tend to depreciate the value of the property in the market, and to embarrass the owner in its sale or use as security. Against the casting of a shade in this way upon its title, is not appellant entitled to the preventive remedy by injunction? (*U. S. Bank* v. *Schultz*, 2 Ham. 471; *Norton* v. *Beaver et al.*, 5 Ham. 179.)

Must not the judgment be entered in court, and is it not the judgment of such court? (Civ. Pr. Act, sec. 361; 4 Kan. 294.)

*J. B. Marshall*, for Respondent.

I. The judgment is good as between Terry, Friend and Doan, and Ginaca & Gintz, and the plaintiff in this suit not being a creditor of Ginaca & Gintz, cannot attack or set aside the judgment on the grounds of defects or fraud in the statement or judgment. (*Lee* v. *Figg*, 37 Cal. 328.) Ginaca & Gintz, the defendants, in the statement and confessed judgment are not parties to this action. They make no complaint against the statement or judgment. The plaintiff in this suit having no interest in the confessed judgment, except so far as the judgment lien affects its property purchased of Ginaca & Gintz, subsequent to the judgment by confession, and as appears by the complaint in this action, with full knowledge of the lien of said judgment, cannot interfere with the judgment confessed by Ginaca & Gintz. (*Marriner* v. *Smith*, 27 Cal. 651; Freeman on Judg., 2d ed., sec. 512.)

II. The acts of fraud on which the charge is based are not specified, and for that reason the complaint is not sufficient. (*Semple* v. *Hagar*, 27 Cal. 163; *Kent* v. *Snyder*, 30 Cal. 666; *Castle* v. *Bader*, 23 Cal. 75; *Meeker* v. *Harris*, 19 Cal. 278.)

III. If the judgment is void because of irregularities of the clerk in entering it, an injunction to restrain its enforcement cannot be granted. The remedy is by application to

the district court to quash the execution. (*Sanchez* v. *Carriaga*, 31 Cal. 170; *Logan* v. *Hillegass*, 16 Cal. 200.)

IV. If the clerk erred as to form in entering the judgment by confession the remedy is by appeal. A bill in equity to set aside the judgment, and enjoin execution and sale, cannot be sustained. (Freeman on Judg., 2d. ed., secs. 487, 532–34; *Hunter* v. *Hoole*, 17 Cal. 418; *Comstock* v. *Clemens*, 19 Id. 77; *Chipman* v. *Bowman*, 14 Id. 157; *Bond* v. *Pacheco*, 30 Id. 530.)

V. The judgment described in the complaint is a good and valid judgment. (1 Comp. Laws, sec. 1208; Freeman on Judg., 2d ed., secs. 2, 48–51, 129; *Kramer* v. *Redman*, 9 Iowa, 114; *Gregory* v. *Nelson*, 41 Cal. 278; *Perkins* v. *Sierra Nevada S. M. Co.*, 10 Nev. 405; *Hempstead* v. *Drummond*, 1 Pin. Wis. 535.)

VI. The judgment as entered shows the parties, the matter in dispute, and the result. "The form is immaterial." (Freeman on Judg. secs. 47–55; *Lynch* v. *Kelly*, 41 Cal. 232; *Feller* v. *Mulliner*, 2 John. 181; *Gains* v. *Betts*, 2 Doug. Mich. 99; *Barrett* v. *Garragan*, 16 Iowa, 47; *Anderson* v. *Kimbrough*, 5 Cold. Tenn. 260; *Elliott* v. *Morgan*, 3 Harr. Del. 216; *Moore's Ex'rs.* v. *Lunney*, 3 Harr. 28; *Rogers et al.* v. *Gosnell*, 51 Mo. 468; 44 N. Y. 376; *Shepard* v. *McNiel*, 38 Cal. 72; *Hamilton* v. *Ward*, 4 Tex. 360.)

By the Court, HAWLEY, C. J.:

This action was instituted by appellant to enjoin the sale of certain property purchased by it from J. Ginaca and A. Gintz, which the respondent Nash, as sheriff, was proceeding to sell under and by virtue of a writ of execution, issued upon a judgment obtained by respondents, Terry, Friend and Doane, against said Ginaca and Gintz, prior to the sale of the property to appellant, upon the ground that said respondents had no valid judgment against said Ginaca and Gintz.

Respondents interposed a demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and gave judgment in favor of respondents for their costs.

1. The judgment obtained against Ginaca and Gintz was a judgment by confession. It is admitted that the statement and affidavit of confession, authorizing the entry of judgment, conform in every respect to the provisions of section 360 of the civil practice act. (1 Comp. L. 1421.)

The clerk copied the statement and affidavit in the judgment book, and added these words: "Judgment entered, April 14, A. D. 1874. Attest J. H. Job, clerk," and indorsed the same on the back of the statement. Appellant contends that this is not a judgment. The statute which authorizes a judgment by confession to be entered without action, and requires a statement in writing to be made, signed by the defendant and verified by his oath, declares that: "The statement shall be filed with the clerk of the court in which the judgment is to be entered, who shall indorse upon it and enter in the judgment book a judgment of such court for the amount confessed, with ten dollars costs. The judgment and affidavit, with the judgment indorsed, shall thereupon become the judgment roll." (1 Comp. L. 1422.)

It is the usual practice of clerks in entering the judgment to refer to the statement and affidavit, and then to use the formal words: It is, therefore, by reason of the law and the premises considered that said plaintiff * * do have and recover of and from said defendant * * the said sum of * * etc., and such a practice ought, for obvious reasons, to be encouraged and commended. There is, however, no special form absolutely necessary. The sufficiency of the writing claimed to be a judgment should always be tested by its substance rather than its form. "If it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligible language the relief granted, its claim to confidence will not be lessened, by a want of technical form, nor by the absence of language commonly deemed especially appropriate to formal judicial records. The entry of a judgment, like every other composition, should be comprised of those words which will express the idea intended to be conveyed with the utmost accuracy. It should also be a model of brevity, and should contain no unnecessary directions." (*Freeman on Judgments*, sec. 47.)

Applying these rules to this case, is not the statement and indorsement, as entered in the judgment book, a judgment? We think it is. It was evidently intended as a determination of the rights of the parties to the confession, and it clearly shows, in intelligible language the relief granted. The statement is signed by Ginaca & Gintz, and concisely states the facts out of which the indebtedness, from them to Terry, Friend, and Doan, arose; the amount of such indebtedness; and the fact that they had executed and delivered to said parties a promissory note for said amount, a copy of which is set out in the statement. It then authorizes "the entry of judgment on said note against us and in favor of W. E. Terry, John A. Friend, and L. E. Doan, in the sum of four thousand six hundred and fifty ($4,650) dollars in United States gold coin, and that said judgment draw interest from date until paid at the rate of one and one-half ($1\frac{1}{2}$) per cent. per month, payable in like gold coin."

We are of the opinion that the legal effect of the entry and indorsement made by the clerk is the same as if the clerk had indorsed on the back of the statement, and entered in the judgment book, a formal judgment in strict compliance with the provisions of the statute. In proceedings under the statute, authorizing a judgment by confession, there is no suit, no recovery or adjudication. (*Blydenburg* v. *Northrop*, 13 How. Pr. 290.) The statute expressly authorizes the clerk to enter the judgment. The clerk is not invested with any judicial functions. "He cannot call the parties before him and adjudicate or pass upon their rights." (*Hempstead* v. *Drummond*, 1 Wis. 536.) His duties are purely ministerial. He has nothing to consider, order, adjudge or decree. It is his duty to enter a judgment; and he can only enter such a judgment as the parties themselves have expressly authorized by their statement. In judgments by confession, as in judgments by default: "The statute directs the judgment. The clerk acts as the agent of the statute, in writing out and filing its judgment among the records of the court." (Freeman on Judgments, sec. 129.) The form of the judgment is not material. If it contains

the substance required by law, it is sufficient. (*Stowers* v. *Milledge et al.* 1 Iowa, 150; *Barrett* v. *Garragan*, 16 Iowa, 48.)

At common law, judgments are defined as " the sentence of the law, pronounced by the court upon the matter contained in the record." (3 Blackstone Com. 395.) Our statute gives the following definition: "A judgment is the final determination of the rights of the parties in the action or proceeding." (1 Comp. L. 1208.) For further definitions, see *Perkins* v. *Sierra Nevada S. M. Co.*, (10 Nev. 411,) and the authorities there cited.

The judgment must accord with, and be warranted by the pleadings. The facts need not necessarily be recited in the judgment. (*Hamilton* v. *Ward*, 4 Tex. 360; *Elliott* v. *Morgan*, 3 Harrington, Del. 316; *Shepard* v. *McNeil*, 38 Cal. 73.) The reasons announced by the court to sustain its decision, and the award of execution often contained in the record, constitute no part of the judgment, (Freeman on Judgments, sec. 2) which should always be but a simple sentence of the law upon the ultimate facts admitted by the pleadings or found by the court. (*Gregory* v. *Nelson*, 41 Cal. 282.) The statute does not prescribe any form for the entry of a judgment. It simply provides that: "The clerk shall keep among the records of the court a book for the entry of judgments, to be called the "judgment book," in which each judgment shall be entered, and shall specify clearly the relief granted, or other determination of the action." (1 Comp. L. 1264.) In *Ordinary* v. *McClure*, Johnson, J., in delivering the opinion of the court, said: "In the absence of any statutory or other positive regulation, each department of the judiciary must be left to adopt and pursue its own formula in its proceedings, because neither of them has the power to prescribe in these matters for the others. With respect to matters of substance, there are certain requisites however, which equally apply to every jurisdiction, and without which legal proceedings would be useless and unnecessary. In addition to the ordinary circumstances of time and place, they should, for the most obvious reasons, exhibit the parties, the subject-matter in dispute, and the result. These

facts being ascertained, the legal consequences follow of course, whatever may be the phraseology used." (1 Bailey, S. Car. Law., 8.) This case, and the general principle it enunciates, has been frequently quoted with approval.

Freeman, in his work on judgments, after mentioning the fact that the authorities are not altogether consistent, says: "I think, however, that from the cases, this general statement may be safely made: That whatever appears upon its face to be intended as the entry of a judgment, will be regarded as sufficiently formal if it show: First. The relief granted; and, Second. That the grant was made by the court in whose records the entry is written. In specifying the relief granted, the parties of whom and for whom it is given, must, of course, be sufficiently identified." (Sec. 50.)

In the case under consideration the authority to enter the judgment is derived from the statute and the statement, and we are of opinion that the statement, the indorsement, and entry of the clerk, with sufficient certainty exhibits the parties, the subject-matter, and the result. It substantially complies with the provisions of the statute in specifying clearly "the relief granted," and in intelligible language gives the "determination of the action." The judgment is entered in accordance with the recitals in the statement of confession. The words *judgment entered* must be considered in connection with said statement. What judgment then is entered? Is it not the one authorized by the statement? The only reasonable, fair and legal construction to be given to the entries, as made by the clerk in the judgment book, is that the judgment entered is in favor of the plaintiffs, Terry, Friend and Doan, and against the defendant, Ginaca & Gintz, for the sum of $4650, with interest thereon at the rate of one per cent. per month. This is the only judgment that is authorized by the statement, and it is the legitimate conclusion that naturally and regularly follows from the premises of law and fact. The entry is a final determination of the rights of the parties, and would be a bar to any suit that might be brought upon the promissory note or indebtedness mentioned in the statement of confession. (*Johnson* v.

*Gillett*, 52 Ill. 360; *Felter* v. *Mulliner*, 2 John. 181; *Gaines* v. *Betts*, 2 Doug., Mich. 100; *Lynch* v. *Kelley*, 41 Cal. 232.)

There usually is, and ought always to be, sufficient personal pride to induce the clerks of the district courts to keep their records in some regular and appropriate manner; but courts have seldom held, and, in our opinion, ought never to hold, that a slight departure from the established and approved form of entering an order or judgment would invalidate all subsequent proceedings, when upon the face of the entry made by the clerk, the substance of the order, or judgment, is clearly manifest. While it is true that the language of the judgment in this case is not in harmony with the approved forms in general use, and is not such as purely technical rules require, nor such as clerks skilled in their duties would be apt to use; yet we are of the opinion that upon the reason and justice of the law, as well as the rules established by decided cases, the essential attributes, the substance of a judgment exists, and that the record, as made by the clerk, must be considered and treated as a valid judgment.

The clerk having made the proper entries of the judgment under the appropriate heads in the docket kept by him, the judgment became, and was, a valid lien upon the property purchased by appellant (1 Comp. L., 1267), and the sheriff was authorized to sell the same under and by virtue of the writ of execution issued upon said judgment.

The judgment of the district court is affirmed.


Beatty, J., dissenting:

I think the complaint in this action, properly construed, presents a case materially different from that stated in the opinion of the court; but as counsel on both sides have assumed in the argument that the clerk did copy the statement and affidavit of Ginaca & Gintz, with his indorsement thereon, into the judgment-book, and did make sufficient entries in the judgment-docket, it is perhaps allowable to decide the case upon that assumption, more especially as it is probably in accordance with the actual facts outside of

the record.  Even upon the assumption of those facts, however, I dissent from the opinion and judgment of the court.

There is no doubt that the statement and affidavit of Ginaca & Gintz were sufficient to authorize a judgment in favor of Friend and Terry: and that the entry of judgment for the amount confessed, and the other acts to be performed by the clerk thereupon were purely ministerial. It was, nevertheless, essential, in my opinion, that they should be performed.  A judgment-lien, if not the creature of the statute, is at least dependent for its acquisition upon compliance with statutory provisions, and it does not attach until the prescribed steps have been taken.

The docketing of a judgment is a purely ministerial function, yet no one would contend that an undocketed judgment constitutes a lien of itself.  To my mind there is, in this respect, no difference between a failure to docket and a failure to enter a judgment; or, if there is any difference, the failure to docket would seem to be the slighter omission of the two.  The judgment is the principal thing; the docketing is an incident.  Each may be essential, but it is the judgment which lies at the foundation of the right. The docketing merely imparts constructive notice of the existence of the judgment; and it might be held, without any violation of the spirit of the statute certainly, that actual notice of its existence would dispense with the docketing.

The court, however, holds that in this case there was a substantial compliance with the statute.  I do not think so. The first thing the clerk was required to do upon the filing of the statement and affidavit was to indorse thereon a "judgment" for the amount confessed, with ten dollars costs, and then to enter that judgment in the judgment-book.  (Comp. Laws, sec. 1422.)  The word "judgment" has a meaning as certain as the word "horse," and the statute is explicit (Sec. 1264) that it shall specify clearly the relief granted, or other determination of the action." Then unless the words "judgment entered April 14, A. D. 1874," come up to this definition of a judgment—and clearly

they do not—there was no compliance with the first require-
ment of the law.

As to the entry in the judgment-book, that is, in my
opinion, equally insufficient. It should have been a copy
of a judgment indorsed on the statement and affidavit. In-
stead of that it is a copy of a statement and affidavit them-
selves, and of an indorsement which is no judgment. It is
true that, by reading the statement and affidavit, we can
arrive, by a process of construction, at a knowledge of what
the judgment ought to have been, and so we could have
done if the words "judgment entered," etc., had not been
indorsed. It is no compliance with the law, however, to
copy into the judgment-book, papers from which a lawyer
can infer a judgment. The sentence of the law must be
written out, and according to the rule quoted from Free-
man by the court, it must show what relief is granted, to
whom and from whom. It will not do, where a case has
been tried, to make a copy of the pleadings and verdict and
stop there; or, in case of a default, to copy the complaint,
summons, proof of service, and note of the default, and
stop there.

In still another essential particular the clerk failed to
comply with the law. It was necessary for him to make
and file a judgment-roll before docketing the judgment.
He made no judgment-roll, and the materials of such a roll
have never had an existence. It must consist of the statement
and affidavit, "with the judgment indorsed." (Section 1422.)
But there never was any judgment indorsed on the state-
ment, and consequently there was no roll and could be none.
In the opinion of the court it seems to be assumed that the
existence of a roll was not essential; but I think otherwise.
The allegations in the complaint amount to this: There is
no judgment unless the words " judgment entered," etc.,
indorsed on the statement, amount to a judgment. The de-
murrer confesses the truth of that allegation, and the ques-
tion presented is exactly the same as would arise if these
papers had been offered in evidence upon an issue of *nul
tiel record*. Upon that issue it is said the judgment-roll is
the exclusively admissible evidence. Why? Because it is

in the roll that the judgment exists.   I know of but one case in which it has been held that evidence of the existence of a judgment is to be found outside of the judgment-roll—13 Minnesota, 46.

In several cases referred to by Freeman (section 87), it is held that the omission of the mere clerical duty of tacking together the papers comprising the judgment-roll does not invalidate the judgment, but in all of them it is said or assumed that the materials of such a roll must have had an existence.   Here the objection is that something essential to the roll never did exist.

The statute seems to recognize the necessity of a judgment-roll for the purpose of creating a lien; for the clerk is directed to file the roll first and then docket the judgment. (Sections 1266, 1267.)   If there is to be a lien without a roll it would certainly have been more reasonable to direct the docketing to be done before filing the roll, as an execution may be issued immediately upon the entry of judgment (Section 1272; 34 Cal. 614); for the making up of a roll is a work of time, and in the matter of priority of liens hours, and even minutes, may be of the greatest consequence.

It is no argument to say that a party ought not to be deprived of a right by the neglect of a clerk to perform his clerical duty.   There is no right antecedent to a compliance with the statute.   No right is taken away by a failure to comply; the party simply fails to acquire a right which he can only enjoy upon condition of compliance.   It is his business to see that the clerk performs his duty, and the law affords him the means of enforcing its performance.

The respondents make several other points which amount substantially to this: that even if there was no judgment the plaintiff must fail, because it has not alleged that the sum docketed as a judgment was not deducted from the price paid by it for the land described in the complaint.   In support of this proposition they cite the case of *Marriner* v. *Smith* (27 Cal. 652).   But that case does not sustain them, for there it was admitted that there was a judgment against the grantor of the lands valid upon its face and duly docketed at the date of the conveyance.   The grantees asked to

have that judgment set aside upon the ground that it had been fraudulently obtained. But the court held that that was a question exclusively between the grantor and the judgment-creditor; and as to the lien of the judgment they said: As this was a subsisting lien at the date of your purchase, of which you had notice, it is to be presumed that the amount of the judgment was deducted from the price paid by you for the land. Here, on the contrary, the question is whether there was a lien. If there was, there is an end of the case; if there was not, there was nothing to be considered in fixing the price of the land. There is no reason for holding that a party is bound to negative a fact when there is no ground for presuming its existence.

The foregoing views appear to me to be sustained by the following cases: (3 Clarke, Iowa, 480–1; 13 How. Pr. 290; 50 Ill. 13; 3 Wisc. 364–5; 20 Ala. 300.) I think the judgment should be reversed.