**131 Nev., Advance Opinion 55**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE BRYCE L. MONTIERTH AND
MAILE L. MONTIERTH, DEBTORS.

No. 62745

BRYCE L. MONTIERTH AND MAILE L.
MONTIERTH,
Appellants,
vs.
DEUTSCHE BANK,
Respondent.



FILED

JUL 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Certified questions under NRAP 5 concerning the status of a promissory note when the note and deed of trust on a mortgage are split at the time of foreclosure. United States Bankruptcy Court, District of Nevada; Bruce A. Markell, Bankruptcy Court Judge.

*Questions answered in part.*

Crosby & Fox, LLC, and Troy S. Fox and David M. Crosby, Las Vegas,
for Appellants.

Tiffany & Bosco, P.A., and Gregory L. Wilde, Las Vegas; Severson & Werson and Jan Timothy Chilton, San Francisco, California,
for Respondent.

Snell & Wilmer, LLP, and Andrew M. Jacobs and Kelly H. Dove, Las Vegas,
for Amicus Curiae Mortgage Electronic Registration Systems, Inc.

2/8/16: Corrected per letter to publishers. CJ

15-22990

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, C.J.:

The United States Bankruptcy Court for the District of Nevada has certified two questions of law to this court concerning the legal effect on a foreclosure when the promissory note and the deed of trust are split at the time of foreclosure.[1] The bankruptcy court asks "what occurs when the promissory note and the deed of trust remain split at the time of the foreclosure" and whether recordation of an assignment of a deed of trust "is a purely ministerial act [that] would not violate the automatic stay." However, under the facts of this case, the real question involves what occurs when the promissory note is held by a principal and the beneficiary under the deed of trust is the principal's agent at the time of foreclosure. We conclude that reunification of the note and the deed of trust is not required to foreclose because the beneficiary of the deed of trust is authorized to foreclose on behalf of the note holder as its agent. We also conclude that, as a matter of law, the recording of an assignment of a deed of trust is a ministerial act; however, we decline to determine the effect of that ministerial act on the application of the stay statute as this is a question involving federal law.

---

[1] In certifying its questions to this court, the bankruptcy court seeks clarification of footnote 14 in this court's opinion in *Edelstein v. Bank of New York Mellon*, where we stated that "[b]ecause it is not at issue in this case, we need not address what occurs when the promissory note and the deed of trust remain split at the time of the foreclosure." 128 Nev., Adv. Op. 48, 286 P.3d 249, 262 n.14 (2012).

Supreme Court
of
Nevada

(O) 1947A

## FACTS

In June 2005, appellants Bryce and Maile Montierth signed a promissory note in favor of 1st National Lending Services for $170,400. The note provided that "the Lender may transfer [the] [n]ote." The note was subsequently transferred to respondent Deutsche Bank.[2]

The note was secured by a deed of trust on the Montierths' property in Logandale, Nevada. The beneficiary of the deed of trust was Mortgage Electronic Registration Systems, Inc. (MERS), "solely as nominee for Lender and Lender's successors and assigns." Additionally, the deed of trust provided:

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary . . . , MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

The Montierths' last payment on the note was made in June 2009. Deutsche Bank recorded a notice of default and initiated foreclosure. The Montierths opted into Nevada's Foreclosure Mediation Program (FMP), but the first two mediation attempts were unsuccessful. The Montierths petitioned for judicial review of the attempted mediation, and the district court found that Deutsche Bank failed to participate in the mediation in good faith.

---

[2]The full title of the transferee is Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR31, Mortgage Pass-Through Certificates, Series 2005-AR31 under the Pooling and Servicing Agreement dated November 1, 2005.

 

Deutsche Bank then filed another notice of default, and the Montierths again elected to mediate. Less than two weeks before the scheduled mediation, the Montierths filed for bankruptcy. At the time the Montierths filed for bankruptcy, the note and the deed of trust were separate—Deutsche Bank held the note and MERS was the beneficiary of the deed of trust.

After the Montierths filed for bankruptcy, MERS assigned its interest in the deed of trust to Deutsche Bank on November 25, 2011, but the assignment was not recorded until December 23, 2011. Prior to the recordation of the assignment, Deutsche Bank filed a proof of claim in the Montierths' bankruptcy, claiming that it was a secured creditor.

On September 5, 2012, Deutsche Bank filed a motion for relief from the automatic bankruptcy stay so that it could foreclose on the Montierths' property. The Montierths objected to Deutsche Bank's standing to bring the motion. The Montierths also objected to Deutsche Bank's proof of claim insofar as it alleged secured creditor status. Both objections were premised on the argument that Deutsche Bank was not a secured creditor because it did not have a unified note and deed of trust when the bankruptcy petition was filed and the automatic stay precluded the reunification of the instruments.

Before reaching a decision on Deutsche Bank's motion and the Montierths' claim objection, the bankruptcy court issued an order certifying the following questions of law to this court:

> [W]hat occurs when the promissory note and the deed of trust remain split at the time of foreclosure?
>
> [What is] the legal effect of the recordation of an assignment of a beneficial interest in a deed of trust?

SUPREME COURT
OF
NEVADA

(O) 1947A

We previously accepted these questions pursuant to NRAP(5) and *Volvo Cars of North America, Inc. v. Ricci*, 122 Nev. 746, 137 P.3d 1161 (2006).

## DISCUSSION

The Montierths argue that Nevada is a "Restatement state" and, pursuant to the Restatement (Third) of Property, the note is unsecured until it is reunited with the deed of trust. Relying on the Restatement, the Montierths argue that "'[w]hen the right of enforcement of the note and the mortgage are split, the note becomes, as a practical matter, unsecured.'" (quoting Restatement (Third) of Prop.: Mortgages § 5.4 cmt. a (1997)).

Deutsche Bank argues that the splitting of the note and the deed of trust does not alter the status of or void either instrument. Deutsche Bank further argues that "catastrophic results" would occur if this court accepts the Montierths' argument that a note split from its deed of trust is unsecured upon the filing of bankruptcy because hundreds of thousands of home loans are secured by deeds of trust held by MERS, and, upon bankruptcy, if lenders were unsecured, they would receive a fraction of the debt owed and be unable to foreclose.

*Deutsche Bank held secured creditor status, and reunification is not necessary*

"[A]n unrecorded deed is valid immediately between the mortgagor and the mortgagee." 59 C.J.S. *Mortgages* § 256 (2009). In Nevada, "perfection of a deed of trust occurs upon proper execution and recordation." *In re Madrid*, 725 F.2d 1197, 1200 (9th Cir. 1984), *superseded by statute on other grounds*, Bankr. Amendments & Fed. Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333, *as recognized in In re Ehring*, 900 F.2d 184, 187 (9th Cir. 1990). Thus, a security interest

attaches to the property as between the mortgagor and mortgagee upon execution and as against third parties upon recordation.

In *Edelstein v. Bank of New York Mellon*, this court stated that "[s]eparation of the note and security deed creates a question of what entity would have authority to foreclose, but does not render either instrument void." 128 Nev., Adv. Op. 48, 286 P.3d 249, 259 (2012) (internal quotation omitted). After being split, "[t]he documents, and their respective interests, survive even if held by different parties." *In re Phillips*, 491 B.R. 255, 275 (Bankr. D. Nev. 2013) (citing *Edelstein*, 128 Nev., Adv. Op. 48, 286 P.3d at 259). Further, "[i]f an agency relationship exists between those two parties such that [the note holder], as principal, can require its agent, MERS, to assign the [m]ortgage to it, then the [n]ote remains secured . . . ." *In re Martinez*, 444 B.R. 192, 204 (Bankr. D. Kan. 2011).

To be sure, in *Edelstein* we discussed that "both the promissory note and the deed must be held together to foreclose; '[t]he [general] practical effect of [severance] is to make it impossible to foreclose the mortgage.'" 128 Nev., Adv. Op. 48, 286 P.3d at 258 (alterations in original) (quoting Restatement (Third) of Prop.: Mortgages § 5.4 cmt. c (1997)). Because it was not pertinent to our analysis in *Edelstein*, we did not include the exceptions provided in the Restatement. The Restatement specifies that foreclosure is not impossible if there is either a principal-agent relationship between the note holder and the mortgage holder, or the mortgage holder "otherwise has authority to foreclose in the [note holder]'s behalf." *See* Restatement (Third) of Prop.: Mortgages § 5.4 cmts. c, e (1997). We agree with the Restatement's reasoning.

Here, the deed of trust was first recorded in favor of MERS in June 2005, when the mortgage was first created. Like in *Martinez*, the deed of trust in this case designated MERS as nominee, or agent, for the note holder and the note holder could compel an assignment of the deed of trust. *See Martinez*, 444 B.R. at 195, 204; *see also Edelstein*, 128 Nev., Adv. Op. 48, 286 P.3d at 258. Because the security interest attached and was perfected before bankruptcy, and separation of the note from the deed of trust did not alter the interests of the parties in this instance, *see Phillips*, 491 B.R. at 275; *In re Corley*, 447 B.R. 375, 380-81 (Bankr. S.D. Ga. 2011) (explaining that MERS, as the designated nominee of the note holder, had a "fully-secured, first priority deed to [the] secure debt"), we conclude that Deutsche Bank was a secured creditor when the Montierths filed for bankruptcy. Accordingly, this court rejects the notion that separating the note and the deed of trust between a principal and an agent renders either instrument "void," or that the deed becomes unenforceable even though the named beneficiary is acting as agent for the note holder. *See Edelstein*, 128 Nev., Adv. Op. 48, 286 P.3d at 257-58.

Reunification of the note and the deed of trust is not required to foreclose because of an existing principal-agent relationship between MERS and Deutsche Bank. The Restatement (Third) of Property permits the beneficiary of the deed of trust, or mortgagee, to enforce the mortgage on behalf of the note holder if the mortgagee has authority to foreclose from the note holder. "A mortgage may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures." Restatement (Third) of Prop.: Mortgages § 5.4(c) (1997); *see id.* at § 5.4 cmt. e & illus. 9 (illustrating that an agent can "enforce the mortgage at [the principal's] direction"). Thus, in the present case, MERS would be

authorized to foreclose on behalf of Deutsche Bank at Deutsche Bank's direction because MERS is its agent, and reunification of the instruments would not be required.

*Recordation of an assignment is a "ministerial act"*

The Montierths argue that under NRS 106.210, an assignment would be required from MERS to Deutsche Bank to proceed with the foreclosure. Deutsche Bank maintains that no assignment is required from an agent to its principal, but even if an assignment is necessary, it is not required until the trustee exercises its power of sale pursuant to NRS 106.210.[3]

Based on these conflicting arguments, the bankruptcy court's second certified question would require this court to determine whether the recordation of an assignment is a "ministerial act" such that it falls within an exception to the automatic stay mandated by bankruptcy law.[4] This is a question of federal law and outside of the purview of this court's authority to answer questions from the certifying court "if there are

---

[3]The bankruptcy court did not ask this court to comment on, and thus we do not address, the validity of the foreclosure process in the instant case. Furthermore, based on our conclusions in this opinion, it is not necessary for us to address the parties' arguments regarding NRS 106.210.

[4]The automatic bankruptcy stay is governed by 11 U.S.C. § 362, and the United States Court of Appeals for the Ninth Circuit put forth the "ministerial act" exception in *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000). Further, whether "the assignment of the mortgage, once the original grant by the mortgagor to the mortgagee has been perfected" involves a "transfer of the property of the debtor" is governed by the definitions found in 11 U.S.C. § 544. *See In re Halabi*, 184 F.3d 1335, 1337 (11th Cir. 1999).

involved in any proceeding before [the certifying] court[ ] questions of law of *this* state." NRAP 5(a) (emphasis added); *see Reinkemeyer v. Safeco Ins. Co. of Am.*, 117 Nev. 44, 50, 16 P.3d 1069, 1072 (2001) (explaining that this court lacks authority to answer certified questions that fall outside the purview of NRAP 5). This court may reframe the certified questions presented to it, *see Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev., Adv. Op. 34, 302 P.3d 1103, 1105-06 (2013), and thus, we reframe the bankruptcy court's second question to narrow its focus: "Is the state law effect of the recordation of an assignment of a beneficial interest in a deed of trust by an agent of the note holder a ministerial act under Nevada law?" We conclude that an agent's recordation at the direction of its principal is a ministerial act under Nevada's characterization of ministerial acts. And to the extent that the definition of "ministerial act" used by the federal court in *In re Pettit*, 217 F.3d 1072, 1080 (9th Cir. 2000), is determined by state law, we conclude that MERS' recordation of its assignment to Deutsche Bank was a ministerial act.

The Montierths argue that the assignment of the deed of trust from MERS to Deutsche Bank was not a "ministerial act" because it gives the benefited party the right to enforce the note. In addition, they argue that recordation of the assignment is not a ministerial act because recording the assignment is a discretionary act that can occur whenever MERS decides. We disagree.

The United States Court of Appeals for the Ninth Circuit adopted the "ministerial act" exception to the automatic stay in bankruptcy procedures in *Pettit*. 217 F.3d at 1080-81. A ministerial act exception applies to "automatic occurrences that entail no deliberation, discretion, or judicial involvement . . . ." *Id.* at 1080. Ministerial acts are

"essentially clerical in nature," *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997), and "involve[ ] obedience to instructions or laws instead of discretion, judgment, or skill." *In re Rugroden*, 481 B.R. 69, 78 (Bankr. N.D. Cal. 2012) (internal quotation omitted).

Examples of ministerial acts include a lower court clerk's entry of a judgment following proceedings in the lower court but filed after a bankruptcy proceeding was initiated by a party to the judgment, *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527-28 (2d Cir. 1994), and the IRS's issuance and recording of deeds to the debtor's property at the end of the statutory redemption period, *Rugroden*, 481 B.R. at 79. In *Rexnord*, the court concluded that "the simple and 'ministerial' act of the entry of a judgment by the court clerk" does not constitute the continuation of a judicial proceeding. 21 F.3d at 527. Likewise in *Rugroden*, the court concluded that because the statutes required the IRS to issue and record the deeds, there was absolutely no discretion involved in the action, and it was therefore ministerial. 481 B.R. at 79.

Nevada has also clarified the distinction between ministerial acts and discretionary acts:

> We have defined a discretionary act as that "which require[s] the exercise of personal deliberation, decision and judgment." A ministerial act is an act performed by an individual in a prescribed legal manner in accordance with the law, without regard to, or the exercise of, the judgment of the individual.

*Pittman v. Lower Court Counseling*, 110 Nev. 359, 364, 871 P.2d 953, 956 (1994) (alteration in original) (citation omitted) (quoting *Travelers Hotel, Ltd. v. City of Reno*, 103 Nev. 343, 345-46, 741 P.2d 1353, 1354 (1987)), *overruled on other grounds by Nunez v. City of N. Las Vegas*, 116 Nev. 535, 1 P.3d 959 (2000). For example, in *Humboldt Mill & Mining Co. v. Terry*,

10

this court recognized the statutory obligations of a clerk's duties in recording a judgment. 11 Nev. 237 (1876). There, this court concluded that a clerk's "duties are purely ministerial" and "[h]e has nothing to consider, order, adjudge or decree." *Id.* at 242. Only after prompting and direction by an authorized party does a "clerk act[ ] as the agent of the statute" to enter a judgment. *Id.*

While this court has primarily recognized ministerial acts based on statutory requirements, we now recognize a similar contractual obligation to recording an assignment based on a principal-agent relationship. Here, the deed of trust that the Montierths executed provided that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . .

MERS has but one choice in Deutsche Bank's demand for assignment in order to comply with NRS 106.210: performance in accordance with the contract terms. MERS has "nothing to consider," *Humboldt Mill*, 11 Nev. at 242, and only after Deutsche Bank's prompting and direction does MERS fulfill its agency role and perform according to the agreement.

We conclude that MERS' recordation of its assignment to Deutsche Bank was a ministerial act. MERS was operating as the agent of Deutsche Bank, and both the assignment and the recordation "involved obedience to instructions" from Deutsche Bank. *See In re Rugroden*, 481 B.R. at 78; *see also In re Bower*, 462 B.R. 347, 354 (Bankr. D. Mass. 2012)

SUPREME COURT
OF
NEVADA

(O) 1947A

("While MERS admittedly holds more than a mere possessory interest in the [m]ortgage, it lacks the authority to act without direction from the note holder or servicer in light of its nominee status."); *cf. Edelstein*, 128 Nev., Adv. Op. 48, 286 P.3d at 258 (concluding that MERS has an agency relationship with a lender and its successors and assigns). Thus, MERS could not exercise discretion in assigning its interest to Deutsche Bank and recording that assignment.

Accordingly, we answer the bankruptcy court's first question by concluding that Deutsche Bank's interest was secured at the time of the filing of bankruptcy. Reunification of the note and the deed of trust is not necessary to foreclose because the beneficiary is an agent for the principal note holder. We modify and answer the bankruptcy court's second question by concluding that in Nevada, the recordation of an assignment from a beneficiary of a deed of trust is a ministerial act, because the agent is fulfilling a contractual obligation and has no discretion to disobey.

_____, C.J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering