**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 180 LAND CO. LLC; et al., | No. 19-16114 |
| Plaintiffs-Appellants, | DC No. 2:18 cv-0547-JCM |
| v. | |
| CITY OF LAS VEGAS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 16, 2020
San Francisco, California

Before:     WALLACE, TASHIMA, and BADE, Circuit Judges.

Plaintiffs, land developers who own property in Las Vegas, Nevada, appeal

from the district court's judgment dismissing their 42 U.S.C. § 1983 action

alleging equal protection and procedural due process claims stemming from the

Las Vegas City Council's denial of plaintiffs' applications to develop their

property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6); denial of leave to amend is reviewed for abuse of discretion.  *Cervantes*

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

*v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040–41 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

**1.** The district court properly dismissed plaintiffs' "class of one" equal protection claim because plaintiffs failed to allege facts that were sufficient to show that plaintiffs were intentionally treated differently from others similarly situated. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (stating elements of an equal protection "class of one" claim); *see also In re Candelaria*, 245 P.3d 518, 523 (Nev. 2010) (holding that the standard under the Equal Protection Clause of the Nevada Constitution is the same as the federal standard).

Contrary to plaintiffs' contention, the district court did not apply a heightened pleading standard to evaluate plaintiffs' "class of one" equal protection claim. Rather, the district court properly applied binding precedent and correctly determined that plaintiffs failed to plead sufficient facts regarding similarly situated landowners. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying that a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement") (citation, alteration and internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that a complaint must provide "enough facts to state a claim to relief that is plausible on its face").

Although plaintiffs concede that they failed to request leave to amend below,

the district court abused its discretion by denying plaintiffs leave to amend their "class of one" equal protection claim because it is not clear that the claim's shortcomings cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation marks and citation omitted)). Thus, although we affirm the dismissal of plaintiffs' "class of one" equal protection claim, we vacate the district court's denial of leave to amend and remand with instructions to grant plaintiffs leave to amend their "class of one" claim.

2. Dismissal of plaintiffs' class-based equal protection claim was proper because plaintiffs alleged contradictory facts as to defendants' motivation that were insufficient to show that intentional discrimination was a motivating factor for defendants' actions. *See Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 504 (9th Cir. 2016) (holding that an equal protection claim is supported if a discriminatory purpose was a motivating factor behind the challenged action); *Somers v. Apple, Inc.*, 729 F.3d 953, 964 (9th Cir. 2013) (holding that plaintiff's theory was "implausible in the face of contradictory . . . facts alleged in her complaint").

3. The district court properly dismissed plaintiffs' procedural due

process claim because plaintiffs failed to allege facts sufficient to show that they were deprived of a constitutionally protected property interest. To succeed on a procedural due process claim, a plaintiff must first demonstrate that he or she was deprived of a constitutionally protected interest. To have a constitutionally protected property interest in a government benefit, such as a land use permit, an independent source, such as state law, must give rise to a "legitimate claim of entitlement," that imposes significant limitations on the discretion of the decision maker. *Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1019, 1022 (9th Cir. 2011); *see also Reinkemeyer v. Safeco Ins. Co.*, 16 P.3d 1069, 1072 (Nev. 2001) (observing that federal caselaw is used to interpret the Due Process Clause of the Nevada Constitution).

We reject as without merit plaintiffs' contentions that certain rulings in Nevada state court litigation establish that plaintiffs were deprived of a constitutionally protected property interest and should be given preclusive effect.

The district court did not abuse its discretion by denying plaintiffs leave to amend their class-based equal protection claim or their due process claim because these claims cannot be cured by amendment.

We do not consider claims that were not raised in the operative complaint, including any substantive due process claim. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to address claims raised for the first time on

-4-                                                                19-16114

appeal).

Plaintiffs' Request for Judicial Notice (Docket Entry No. 18) is denied as unnecessary.

•   ●   •

The dismissal of plaintiffs' claims is affirmed, as is the denial of leave to amend plaintiffs' complaint, except that plaintiffs shall be granted leave to amend their "class of one" equal protection claim.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**