CITY OF NORTH LAS VEGAS, ex rel. MAVIS E. ARNDT, Appellant, *v.* RAY H. DAINES, Municipal Judge, Respondent.

No. 8166

May 25, 1976                                        550 P.2d 399

---

*Paul H. Schofield,* City Attorney, and *Steven F. Stucker,* Deputy City Attorney, City of North Las Vegas, for Appellant.

*John A. Greenman* and *Douglas J. Shoemaker,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Mavis Arndt was relieved of her duties as Municipal Court Administrator by Municipal Judge Ray H. Daines. She had been appointed to that position by the City Manager of the City of North Las Vegas with approval of the City Council. Consequently, she believed that her allegiance was to the City Manager rather than to the Judge. This led to disagreements and, ultimately, to her dismissal by the Judge.[1]

The district court ruled that the Municipal Judge possessed inherent power to dismiss the Municipal Court Administrator. This appeal followed.

1. It is fundamental to our system of government that the separate powers granted the executive, legislative and judicial departments be exercised *without intrusion. Galloway v. Truesdell*, 83 Nev. 13, 422 P.2d 237 (1967). In the words of our Constitution, ". . . no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others. . . ." Nev. Const. art. 3, § 1.

Accordingly, it is clear that the judiciary, as a coequal branch of government, has the inherent power to protect itself and to administer its affairs. State v. Davis, 26 Nev. 373, 68 P. 689 (1902); Young v. Board of County Comm'rs, 91 Nev. 52, 530 P.2d 1203 (1975); Sun Realty v. District Court, 91 Nev. 774, 542 P.2d 1072 (1975); Dunphy v. Sheehan, 92 Nev. 259, 549 P.2d 332 (1976).

Although acknowledging the doctrine of separation of powers, as well as prior opinions of this court touching that subject, the appellant here contends that the doctrine is inapposite since a municipal court is not constitutionally created, has only those

---

[1]The Municipal Court is extremely busy, necessitating night sessions, and overtime work by bailiffs and warrant officers. The City Manager directed department heads to minimize overtime work. The Court Administrator sought to follow his directive which disrupted scheduled night sessions and, along with other matters, caused the Judge to relieve the Administrator of her duties.

powers conferred legislatively, and does not enjoy the inherent powers which constitutionally created courts possess.

It is, of course, true that our Constitution does not itself establish municipal courts.[2] It authorizes the Legislature to do so. However, once municipal courts are established, they exist as a coequal branch of local government within the judicial department of this state, City of Berkley v. Holmes, 191 N.W.2d 561 (Mich. 1971), and a part of the constitutional judicial system of this state, People v. Foutz, 162 P.2d 1 (Cal. 1945).

The functions of the municipal court are as truly judicial in character as those of any other court of this state. It is equally important for municipal courts to enjoy judicial freedom and independence. The constitutional umbrella of protection extends to all courts of this state in exercising their judicial functions. Carlson v. State, 220 N.E.2d 532 (Ind. 1966). It follows that a municipal court has the inherent power to administer its sphere of the judicial system just as other courts of this state have such power in their respective spheres.

There is no suggestion in the record before us that the Municipal Judge acted arbitrarily or capriciously in exercising his inherent power to relieve the Court Administrator of her duties. Indeed, the City does not contend that her dismissal was without cause. To the contrary, the City contends only that the authority to dismiss her resided in the City Manager and not with the Judge.

An arbitrary exercise of inherent power by a municipal court is subject to judicial review and correction by a higher court.

[2]Nev. Const. art. 6, § 1. "The Judicial power of this State shall be vested in a Supreme Court, District Courts, and in Justices of the Peace. The Legislature may also establish Courts for municipal purposes only in incorporated cities and towns."

Nev. Const. art. 6, § 9. "Provision shall be made by law prescribing the powers, duties and responsibilities of any Municipal Court that may be established in pursuance of Section One, of this Article; and also fixing by law the jurisdiction of said Court so as not to conflict with that of the several courts of Record."

NRS 5.010–5.090, enacted pursuant to the mentioned constitutional authorization, designates jurisdiction, powers, and other relevant matters.

Inherent power may be abused as well as properly used. The present case, however, presents no such issue. Accordingly, we do not hesitate to affirm the decision of the district court that the Municipal Judge acted within his inherent authority in dismissing the appellant from her duties as Court Administrator.

2. Other assigned errors have been considered and possess no merit.

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.