LONNIE L. PITTMAN, Appellant, *v.* LOWER COURT COUNSELING, a Division of the City of Las Vegas Municipal Court, Respondent.

No. 23989

March 31, 1994 871 P.2d 953

[Rehearing granted in part and denied in part, May 27, 1994]

*Cal J. Potter, III* and *Steven J. Karen,* Las Vegas, for Appellant.

*Bradford Jerbic,* Las Vegas City Attorney, and *Larry G. Bettis,* Deputy City Attorney, Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

In 1987, appellant Lonnie L. Pittman ("Pittman") elected to enter the misdemeanant work program rather than pay a fine for driving with a suspended and revoked driver's license. The Municipal Court of the City of Las Vegas gave him until September 10, 1987, to return to court with proof that he had worked at the Animal Rescue Thrift Store. On the specified day, Pittman returned to court with a signed card from the store indicating that he had completed the required number of hours of community service.

The municipal court judge before whom Pittman appeared considered the matter closed, but continued the case until September 24, 1987. Pittman apparently did not give the signed card from the store to the judge. After this appearance, Pittman went to the office of respondent Lower Court Counseling ("LCC") and gave the card to a woman at the counter. Pittman claims that the woman informed him that the proof would be relayed to the judge. Relying on this information, Pittman did not appear at the September 24, 1987 hearing.

Two years later, Pittman was arrested on a bench warrant for apparently failing to complete his required community service. He appeared before the same municipal court judge. Having previously given the clerk the signed card, Pittman could not prove that he had completed his required community service or that he had previously appeared in court on September 10, 1987. The court could not verify Pittman's work since the Animal

Rescue Thrift Store had ceased operations. As a result, the judge sentenced Pittman to eleven days in jail.

After two days in jail, Pittman was bailed out. He located his previous employer who provided proof for the court that Pittman had completed his required community service. The judge indicated to Pittman that a mistake had been made and ordered Pittman's bail returned.

Pittman filed a complaint against LCC and the City of Las Vegas. He claimed his arrest and detention were unlawful under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988 (1988). Specifically, he asserted that the actions of LCC and the City of Las Vegas resulted from, and were taken pursuant to, a de facto policy of LCC not to verify the completion of community service programs of individuals. He also claimed that LCC and the City of Las Vegas were negligent in the hiring, training and supervision of their employees. In addition, Pittman included a claim for false imprisonment.

The district court dismissed Pittman's complaint as to both LCC and the City of Las Vegas. In its dismissal of LCC, the court held that the municipal court is a part of the judicial system of the state government. As a division of the municipal court, LCC was therefore immune from a 42 U.S.C. § 1983 suit under the Eleventh Amendment to the United States Constitution. The court also held that Pittman's references to 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments were directly and inseparably related to his 42 U.S.C. § 1983 cause of action. Thus, the Eleventh Amendment provision barring an action against LCC applied equally to the federal code and constitutional provisions.

Pittman appeals the district court's dismissal of LCC. We hold that the district court erred in dismissing Pittman's complaint against LCC.

Initially, we address the district court's reference to the Eleventh Amendment of the United States Constitution. The Eleventh Amendment reads as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The district court was incorrect in holding that the Eleventh Amendment provided immunity for LCC. The United States Supreme Court has held that the Eleventh Amendment does not

apply in 42 U.S.C. § 1983 actions filed in state courts. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). The instant case involves a 42 U.S.C. § 1983 action filed in state court and thus the Eleventh Amendment does not apply. The purpose of the Eleventh Amendment is to protect a state from actions in federal court, not state court. Accordingly, we hold that the district court erred in dismissing Pittman's complaint on the basis of LCC's immunity under the Eleventh Amendment.

We next address LCC's immunity from a 42 U.S.C. § 1983 cause of action. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The purpose of this statute is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, 112 S. Ct. 1827, 1830 (1992).

We have held that neither the State of Nevada nor its officials acting in their official capacities are persons under 42 U.S.C. § 1983 and therefore neither may be sued in state court under this statute. Northern Nev. Ass'n Injured Workers v. SIIS, 107 Nev. 108, 807 P.2d 728 (1991). Our holding in *Northern Nev. Ass'n Injured Workers* was derived from the United States Supreme Court's holding in *Will* that a state is not a person for purposes of 42 U.S.C. § 1983. There, the Court based its interpretation on the "often-expressed understanding" that the term "person" does not include the sovereign, and statutes using the word are interpreted to exclude it. *Will,* 491 U.S. at 64.

Pittman attempts to counter this reasoning by arguing that LCC is a part of, and controlled by, the City of Las Vegas and not the State. Thus, its employees are municipal employees and not immune from 42 U.S.C. § 1983 actions. Pittman is correct that a municipality is a person for purposes of a 42 U.S.C. § 1983 action. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). However, Pittman fails to recognize that we have held that the municipal court system in this state is part

of the state judicial system, not the city. City of No. Las Vegas v. Daines, 92 Nev. 292, 550 P.2d 399 (1976).

Because LCC is a division of the City of Las Vegas Municipal Court which itself is part of the state judicial system and therefore a part of the state, LCC is not a person for purposes of 42 U.S.C. § 1983. Accordingly, the district court did not err in holding that a 42 U.S.C. § 1983 action could not be maintained against LCC as a division of the City of Las Vegas Municipal Court. Further, the district court did not err in holding that Pittman's 42 U.S.C. § 1988 cause of action for attorney's fees was inseparable from his 42 U.S.C. § 1983 cause of action. Without a valid 42 U.S.C. § 1983 cause of action, Pittman's 42 U.S.C. § 1988 cause of action cannot stand.

[Headnote 7]

We next address Pittman's negligence claim against LCC. Our first inquiry is whether any immunity exists for the State. Under NRS 41.031, the State of Nevada waives its immunity. However, under NRS 41.032, the State reserves its immunity for officials acting in a discretionary manner. We have defined a discretionary act as that "which require[s] the exercise of personal deliberation, decision and judgment." Travelers Hotel v. City of Reno, 103 Nev. 343, 345-46, 741 P.2d 1353, 1354 (1987). A ministerial act is an act performed by an individual in a prescribed legal manner in accordance with the law, without regard to, or the exercise of, the judgment of the individual. Trout v. Bennett, 830 P.2d 81, 87 (Mont. 1992). In order to prevail in this case, Pittman must show that the acts causing him injury were not discretionary acts which trigger immunity, but rather ministerial acts for which there is no immunity.

We have held that it is the duty of the clerk of the district court to keep an accurate record of the date of receipt of all official documents submitted to the clerk. Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991). Since we have held that municipal courts are also courts of the state judicial system, it follows that municipal court clerks also have this duty. It also follows that the proof provided by a defendant of having completed a sentence is an official document. Therefore, a clerk of the court has the duty to properly attend to such documents. Such an act is clearly ministerial in that no exercise of discretion is involved. As such, no immunity is triggered under NRS 41.032.

In the instant case, there is a question of fact as to the status of

the clerk who allegedly received the proof of compliance from Pittman. In addition, there is also a question of fact as to whether that clerk was negligent. Accordingly, the district court erred in dismissing Pittman's complaint when questions of fact remained.

Finally, LCC argues that Pittman's complaint inadequately states a cause of action for negligence. We have held that a complaint need only set forth sufficient facts to demonstrate the necessary elements of a claim for relief so that the defending party has adequate notice of the nature of the claim and the relief sought. Western States Constr. v. Michoff, 108 Nev. 931, 840 P.2d 1220 (1992). While Pittman's complaint does not go into great detail, we conclude that it adequately advises LCC of the nature of the complaint and the relief Pittman is seeking. Nevada is a notice pleading jurisdiction and we liberally construe pleadings to place matters into issue which are fairly noticed to the adverse party. Taylor v. State and Univ., 73 Nev. 151, 311 P.2d 733 (1957). Therefore, LCC's claim regarding the adequacy of Pittman's complaint is meritless.

In conclusion, we hold that the district court erred in dismissing Pittman's complaint when questions of fact remained. Accordingly, we reverse the district court's dismissal and remand for proceedings consistent with this opinion.

## SANCTIONS

We note that Pittman's attorney, Cal J. Potter, III, failed to include even one citation to the record in either the opening brief or the reply brief.[1] This is a clear violation of NRAP 28(a)(3) which requires adequate citation to the record. In accordance with our holding in Smith v. Emery, 109 Nev. 737, 856 P.2d 1386 (1993), we hereby sanction Mr. Potter in the amount of five hundred dollars ($500.00). Mr. Potter shall remit this sum within forty-five (45) days of the filing of this opinion to the Nevada Supreme Court Law Library and shall provide proof of payment to the clerk of this court.

---

[1]We note that the opening and reply briefs were prepared by Steven J. Karen, an attorney employed by the Potter Law Offices. Karen signed the briefs on behalf of Potter.