OPINION
 

 By the Court,
 

 Maupin, J.:
 

 Georgia Nunez appeals the dismissal of her complaint against respondent, City of North Las Vegas (the “City”), for wrongful termination of her employment as administrator of the North Las Vegas Municipal Court. It appears that the district court, in reliance on our decision in Pittman v. Lower Court Counseling, 110 Nev. 359, 871 P.2d 953 (1994), determined that the City was immune from her suit. We conclude that
 
 Pittman
 
 was wrongly decided and that the City is not immune from the action filed by Ms. Nunez in the Nevada state court system.
 

 PROCEDURAL HISTORY AND FACTUAL BACKGROUND
 

 This case has been marked from its beginning by a tortured procedural history. In October 1993, North Las Vegas Municipal Judge Gary Davis terminated Nunez from her employment as administrator of the City of North Las Vegas Municipal Court. Nunez first commenced proceedings in the United States District Court for the District of Nevada, claiming retaliatory discharge in violation of the First Amendment to the Federal Constitution and 42 U.S.C. § 1983, and gender and racial discrimination in violation of Title VII, 42 U.S.C. § 2000
 
 et seq.
 
 Pendant state law claims lodged in the federal case included causes of action for wrongful discharge in violation of state public policy, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress. It is uncontested that the primary tortfeasor alleged to have committed these wrongs was Judge Davis. The City was
 
 *537
 
 named as a defendant in the federal action along with Judge Davis.
 
 [1]
 

 The factual basis for the federal and pendant state claims arose from allegations by Nunez that, over a considerable period of time, Judge Davis subjected her and other minority and female employees to harassment and illegal demands. Nunez alleges that she was ultimately terminated in retaliation for her refusal to block certain female employees from attending a seminar (those who failed to assist Judge Davis in his campaign for re-election), failure to obtain a raise for the judge from the city council, failure to replace stained ceiling tiles in his judicial chambers and refusal to require clerks in the Marshall’s office to work overtime.
 

 The United States District Court dismissed several of the federal claims against Judge Davis
 
 [2]
 
 and all of the claims against the City. The 42 U.S.C. § 1983 claims were dismissed in reliance on our decision in Pittman v. Lower Court Counseling, 110 Nev. 359, 871 P.2d 953 (1994). In its order, the United States District Court stated:
 

 In
 
 Pittman v. Lower Court Counseling,
 
 [citation omitted], the Nevada Supreme Court noted two previous holdings it had made regarding § 1983 actions against municipal court employees. First, the court noted that it had previously held ‘ ‘that neither the State of Nevada nor its officials acting in their official capacities are persons under 42 U.S.C. § 1983 and therefore neither may be sued in state court under this statute.” [Citation omitted.] Second, the court observed, “[W]e have held that the municipal court system in this state is part of the state judicial system, not the city.” [Citation omitted.]
 

 Thus, because the municipal court was part of the state judicial system under Nevada law, the federal court concluded that the City, under
 
 Pittman,
 
 could not be subject to liability for the defalcations of a state judicial officer. It further dismissed the 42 U.S.C. § 1983 action against Judge Davis because state officials ‘‘cannot be sued in their official capacity because a state is not a ‘person’ under section 1983 and an official capacity suit against a state official is no different from a suit against the state itself.”
 
 [3]
 

 See
 
 Will v. Michigan Dept, of State Police, 491 U.S. 58 (1989).
 

 
 *538
 
 The federal district court also dismissed the civil rights claims primarily because Nunez was a member of Judge Davis’ personal staff and thus fell within the “personal staff exception” to Title VII claims against elected public officials.
 
 See
 
 Teneyuca v. Bexar County, 767 F.2d 148, 150 (5th Cir. 1985); Ramirez v. San Mateo County District Attorney’s Office, 639 F.2d 509 (9th Cir. 1981). Finally, the court dismissed the pendant state claims against the City.
 

 Nunez then commenced the action below in state district court in which she lodged claims mirroring the previous claims for relief dismissed in federal court. However, because of the federal court ruling on the 42 U.S.C. § 1983 and Title VII claims, the claims for retaliatory discharge and wrongful termination were based upon state public policy considerations and her assertion that an implied contract of continued employment with the City had been formed and was breached. Thus, the state action sought relief for retaliatory discharge, wrongful termination, breach of the covenant of good faith and fair dealing, negligent infliction of emotional distress and intentional infliction of emotional distress.
 

 The City moved to dismiss the complaint on the basis that it was improper to name it as a defendant and that Nunez had no viable cause of action for either intentional or negligent infliction of emotional distress. The trial court granted the City’s motion. Although the record contains no basis for the decision, we assume that the dismissal primarily rests upon the notion that, under
 
 Pittman,
 
 municipal courts are state, not municipal entities. Certainly, if
 
 Pittman
 
 was correctly decided, the alleged termination by Judge Davis could not, as a matter of law, form the basis of vicarious liability against the City.
 

 On appeal, Nunez argues that the order dismissing her complaint for wrongful termination should have been accompanied by findings of fact and conclusions of law, and that the trial court otherwise abused its discretion in dismissing the complaint. We now conclude that this court wrongly held in
 
 Pittman
 
 that municipal courts are agents of the State of Nevada for the purposes of immunity from actions brought under 42 U.S.C. § 1983. Thus, our decision in
 
 Pittman
 
 clearly misled the federal district court into dismissing Nunez’s 42 U.S.C. § 1983 action. Further, because
 
 Pittman
 
 implies that municipalities are not responsible for the acts of their municipal courts because those courts are state entities, we also conclude that the state district court below was misled into determining that the City was improperly joined in the instant lawsuit. Having decided that
 
 Pittman
 
 must be revisited, we reverse the order below and remand this matter to the district court for reinstatement of Nunez’s complaint.
 

 
 *539
 

 DISCUSSION
 

 The United States Supreme Court has held that a municipality may be sued under 42 U.S.C. § 1983,
 
 [4]
 
 if it can be established that a municipal policy or custom has caused a constitutional injury.
 
 See
 
 Monell v. New York City Department of Social Services, 436 U.S. 658, 690 (1978).
 

 In
 
 Pittman,
 
 the plaintiff named the City of Las Vegas as a defendant in a legal suit. The plaintiff in
 
 Pittman
 
 attempted to argue that Lower Court Counseling (“LCC”), which was a division of the Las Vegas Municipal Court, was part of, and controlled by, the City of Las Vegas and not the State of Nevada. The plaintiff in
 
 Pittman
 
 named the City of Las Vegas as a defendant, instead of the State of Nevada, in order to pursue a lawsuit under 42 U.S.C. § 1983. In response, this court held:
 

 Because LCC is a division of the City of Las Vegas Municipal Court which itself is part of the state judicial system and therefore a part of the state, LCC is not a person for purposes of 42 U.S.C. § 1983. Accordingly, the district court did not err in holding that a 42 U.S.C. § 1983 action could not be maintained against LCC as a division of the City of Las Vegas Municipal Court.
 

 Pittman,
 
 110 Nev. at 364, 871 P.2d at 956.
 

 This court supported the above determination by stating, “Pittman fails to recognize that we have held that the municipal court system in this state is part of the state judicial system, not the city.”
 
 Id.
 
 at 363-64, 871 P.2d at 956 (citing City of No. Las Vegas v. Daines, 92 Nev. 292, 550 P.2d 399 (1976)). Presumably, this court was referring to language in
 
 Daines
 
 stating that “once municipal courts are established, they exist as a coequal branch of local government within the judicial department of this state, and a part of the constitutional judicial system of this state.”
 
 Daines,
 
 92 Nev. at 295, 550 P.2d at 400 (citations omitted).
 

 We now conclude that, based on the entirety of this court’s opinion in
 
 Daines,
 
 we did not intend to hold that municipal courts are inherently part of state government and thus completely distinct from their corresponding municipalities. The above state
 
 *540
 
 ment in
 
 Daines
 
 was made solely for the purpose of emphasizing that municipal courts enjoy the inherent powers of all constitutionally created courts, and are entitled to manage internal affairs without interference from separate governmental branches. This was the foundation of the court’s holding.
 

 In this respect, the court’s conclusion in
 
 Pittman,
 
 that the municipal court system is part of the state judicial system, and not the individual municipality, took the above language in
 
 Daines
 
 out of context. To conclude otherwise would deprive municipal courts of their plenary powers and conflict with the fundamental concept that municipalities have certain rights of self-government. Additionally, an analysis of the status of these courts within the state system supports the conclusion that municipal courts are primarily city, not state entities. Although municipal courts are created by the legislature pursuant to authority vested in that body by the Nevada Constitution, these courts are separate branches of their respective city governments.
 
 See
 
 NRS 266.555; NRS 5.010; North Las Vegas City Charter, ch. 573, art. 5, § 4.005 (1971).
 

 Accordingly, we conclude that the municipal court is not an extension of the state for purposes of suit under 42 U.S.C. § 1983. A municipal judge has the inherent power to dismiss a municipal court administrator in the exercise of his or her judicial functions as an agent or officer of the municipality, not of the state. This conclusion is consistent with the United States Supreme Court’s holding in
 
 Monell
 
 and its progeny, which provides that municipalities and other local governmental bodies are “persons” within the meaning of 42 U.S.C. § 1983.
 
 See Monell,
 
 436 U.S. at 690;
 
 see also
 
 Board of Comm’rs of Bryan City v. Brown, 520 U.S. 397 (1997) (holding that a county may be held liable under 42 U.S.C. § 1983 if it could be established that the county sheriff demonstrated a conscious disregard for the public’s safety through his hiring practices); Owen v. City of Independence, Mo., 445 U.S. 622 (1980) (holding that a city could not be immune from suit under 42 U.S.C. § 1983 for asserting that a chief of police was dismissed from his position in good faith). Thus, to the extent
 
 Pittman
 
 is inconsistent with the views stated herein, it is expressly overruled.
 

 We also conclude that the municipal courts of this state are separate branches of their respective municipal governments. Because they are not state governmental entities, the respective municipalities may be subject to suits such as the instant matter.
 

 We therefore reverse the district court’s order dismissing Nunez’s complaint against the City of North Las Vegas and
 
 *541
 
 remand this matter to the district court. On remand, the district court shall allow Nunez leave to allege her Nevada state law claims for retaliatory discharge. All of her claims must be resolved on their merits, including possible substantive defenses available to the City.
 
 [5]
 

 Rose, C. J., Young, Shearing, Agosti and Becker, JJ., concur.
 

 [1]
 

 After filing a complaint with the Nevada Equal Rights Commission, Nunez received an EEOC “right to sue” letter.
 

 [2]
 

 The federal claims against Judge Davis in his personal capacity were not dismissed.
 

 [3]
 

 State governments may not be sued in federal court under 42 U.S.C. § 1983, pursuant to the Eleventh Amendment to the Federal Constitution. This is in opposition to local governments, which are subject to such suits.
 

 [4]
 

 Title 42 U.S.C. § 1983 (1988), provides in relevant part:
 

 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding or redress, ....
 

 [5]
 

 The City below argued that the emotional distress claims were invalid as a matter of law. Because there is no indication that the district court reached the merits of this argument other than on the basis that the municipal court was a state entity, we instruct the district court on remand to allow discovery on these claims to proceed. The merits of the emotional distress claims may be revisited thereafter either by pre-trial motion or at trial.
 

 The Honorable Myron E. Leavitt, Justice, voluntarily recused himself from participation in the decision of this appeal.