# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-01982-SCT

*DESOTO COUNTY, MISSISSIPPI*

*v.*

*T.D. AND AARON DENNIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/06/2013 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| TRIAL COURT ATTORNEYS: | DANIEL J. GRIFFITH |
| | JOSEPH D. NEYMAN, JR. |
| | RONALD W. LEWIS |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DANIEL J. GRIFFITH |
| | JOSEPH D. NEYMAN, JR. |
| ATTORNEY FOR APPELLEES: | RONALD W. LEWIS |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 04/16/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The sole question presented in this interlocutory appeal is whether a DeSoto County justice court clerk's negligence in failing to cancel an arrest warrant subjects the county to a tort lawsuit.  We hold that, for the negligent act complained of in this case, the county has immunity under the Mississippi Tort Claims Act.  So we reverse the trial court's failure to grant summary judgment, and we render a judgment in DeSoto County's favor.

**FACTS AND PROCEDURAL HISTORY**

¶2.     The facts necessary to decide this case are undisputed. A domestic dispute led a justice court judge to issue an arrest warrant for T.D., and then cancel the warrant after she complied with the judge's order to attend an anger-management course. However, because the justice court clerk failed to send a cancellation notice to the local sheriff's office, DeSoto County deputies later arrested T.D. and held her in jail until they discovered the mistake.

¶3.     The plaintiffs sued DeSoto County for the clerk's negligence. DeSoto County moved for summary judgment, claiming immunity under the Mississippi Tort Claims Act. The circuit judge denied that motion. DeSoto County appealed.

**ANALYSIS**

¶4.     "Sovereign immunity"—which refers to a "government's immunity from being sued in its own courts without its consent"[1]—originated in the common law of England,[2] and was carried over as the law in most states following the American Revolution.[3] Some states have retained common-law sovereign immunity.[4] Others, including Mississippi, have supplanted

---

[1] *Black's Law Dictionary* 818 (9th ed. 2009).

[2] *See **Nixon v. Fitzgerald***, 457 U.S. 731, 767, 102 S. Ct. 2690, 2710, 73 L. Ed. 2d 349 (1982) (citing ***Larson v. Domestic & Foreign Commerce Corp.***, 337 U.S. 682, 687, 69 S. Ct. 1457, 1460, 93 L. Ed. 1628 (1949) (recognizing that the old notion that the "King can do no wrong" still applies in the realm of sovereign immunity)).

[3] *See **Hans v. Louisiana***, 134 U.S. 1, 13, 10 S. Ct. 504, 506, 33 L. Ed. 842 (1890) (quoting Alexander Hamilton, *The Federalist* No. 81) ("[Sovereign immunity] is the general sense and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is now enjoyed by the government of every state in the Union.").

[4] *See, e.g.*, ***City of Houston v. Williams***, 353 S.W.3d 128, 134 (Tex. 2011).

the common law with statutes that have established the legislative branch's views of the appropriate limits and protections of sovereign immunity.[5]

¶5. In 1984, the Mississippi Legislature enacted the Mississippi Tort Claims Act[6] which, after declaring that the State and its political subdivisions enjoy common-law immunity, waives its immunity.[7] Then, having generally waived common-law sovereign immunity, the Tort Claims Act grants statutory immunity to governmental entities and their employees for specifically defined conduct.[8] One of those specific grants of statutory immunity states:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (a) Arising out of a . . . judicial action or inaction, or administrative action or inaction of a . . . judicial nature . . . .[9]

The circuit judge found that, under the undisputed facts of this case, DeSoto County did not enjoy immunity. We disagree.

---

[5] *See, e.g.*, Miss. Code Ann. §§11-46-1 to 11-46-23 (Rev. 2012).

[6] Miss. Code Ann. §§ 11-46-1 to 11-46-23.

[7] Miss. Code Ann. § 11-46-5.

[8] Miss. Code Ann. § 11-46-9.

[9] Miss. Code Ann. § 11-46-9(1)(a).

¶6.     We review matters of statutory interpretation de novo,[10] and our function "is not to decide what a statute should provide, but to determine what it does provide."[11] Our constitutional duty is to "interpret statutes according to their clear meaning,"[12] and we must "apply the plain meaning of unambiguous statutes."[13]

¶7.     Section 11-46-9 grants immunity to DeSoto County if: (1) its justice court clerk was "acting within the course and scope of [her] employment or duties" (there is no dispute that she was), and (2) the claim arises "out of a . . . judicial action or inaction, or administrative action or inaction of a . . . judicial nature . . . ."[14] We find that the Legislature could not have chosen language that more precisely and clearly provides immunity to the clerk. The statute uses no words of limitation. It provides immunity for all claims that arise from any "judicial action or inaction, *or administrative . . . inaction of a . . . judicial nature . . . .*[15]

¶8.     This claim arises from both a judicial action and an administrative inaction of a judicial nature. Once the parties appeared, the justice court judge should not have left the arrest warrant outstanding. Then, after the parties complied with the judge's instructions and

---

[10] *Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 287 (Miss. 2007) (quoting *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1206 (Miss. 2002)).

[11] *Miss. Dep't of Revenue v. Miss. Power Co.*, 144 So. 3d 155, 162 (Miss. 2014) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011)).

[12] *Warren v. Johnston*, 908 So. 2d 744, 748 (Miss. 2005).

[13] *Ameristar Casino Vicksburg, Inc. v. Duckworth*, 990 So. 2d 758, 760 (Miss. 2008) (citing *Richmond v. City of Corinth*, 816 So. 2d 373, 377-78 (Miss. 2002)).

[14] Miss. Code Ann. § 11-46-9(1)(a).

[15] *Id.* (emphasis added).

4

he remanded the charges, the clerk should have notified the local sheriff's office that the warrants were cancelled. So the authority to cancel the warrant lay with the judge. And the clerk had an administrative duty to issue notice of the cancelled warrant—clearly an act of a "judicial nature"—which related to and derived from the judge's decision. Black's Law Dictionary defines "judicial" as "[o]f, relating to, or by the court or a judge."[16] So, clearly, the clerk's administrative duty was judicial in nature and is within the purview of Section 11-46-9(1)(a).

¶9. The circuit judge found that other jurisdictions do not supply immunity to clerks under similar circumstances. But where our statutes are clear, we do not look to other states' interpretations of their own statutes.[17] Nevertheless, we note that other jurisdictions that have found similar acts were not immune were applying law that is different from our Tort Claims Act.

¶10. For instance, in *City of Bayou La Batre v. Robinson*, the Alabama Supreme Court applied common-law judicial immunity, rather than statutory provisions similar to those found in our Tort Claims Act.[18] The same is true of *Mauro v. County of Kittitas*,[19] *Connell*

---

[16] *Black's Law Dictionary* 992 (9th ed. 2009).

[17] *Lewis v. Hinds Cnty. Circuit Court*, No. 2013-CA-01842-SCT, 2015 WL 691293, *3 (Miss. Feb. 19, 2015).

[18] *City of Bayou La Batre v. Robinson*, 785 So. 2d 1128, 1131-33 (Ala. 2000).

[19] *Mauro v. Cnty. of Kittitas*, 613 P.2d 195, 196 (Wash. App. 1980).

*v. Tooele City*,[20] *Pierson v. Ray*,[21] *Stine v. Shuttle*,[22] *Calhoun v. City of Providence*,[23] and

*Dalton v. Hysell*.[24] In fact, in *Blankenship v. Enright*, the Ohio Court of Appeals recognized

that *Dalton's* holding that a clerk enjoyed no immunity had been superseded because Ohio

had enacted an immunity statute.[25]

¶11.    And in *Franklin v. Dayton Probation Services Department*, the Court of Appeals of

Ohio found that a municipal clerk's action was not immune because it fell within a reckless

and wanton exception to immunity, a provision that is not at issue here.[26]   In *Pittman v.*

*Lower Court Counseling*, the Nevada Supreme Court applied a statute that granted immunity

for discretionary acts, not judicial actions.[27]   In *Smith v. Lewis*, the Missouri Court of

Appeals applied common-law immunity.[28]

---

[20] *Connell v. Tooele City*, 572 P.2d 697, 698-99 (Utah 1977).

[21] *Pierson v. Ray*, 386 U.S. 547, 553-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967).

[22] *Stine v. Shuttle*, 186 N.E.2d 168, 173 (Ind. App. 1962);

[23] *Calhoun v. City of Providence*, 390 A.2d 350, 356-57 (R.I. 1978);

[24] *Dalton v. Hysell*, 381 N.E.2d 955, 956 (Ohio Ct. App. 1978), *superceded by statute*.

[25] *Blankenship v. Enright*, 586 N.E.2d 1176, 1181 (Ohio Ct. App. 1990).

[26] *Franklin v. Dayton Probation Servs. Dep't*, 672 N.E.2d 1039, 1041-42 (Ohio Ct. App. 1996).

[27] *Pittman v. Lower Court Counseling*, 871 P.2d 953 (Nev. 1994)*, overruled on other grounds by **Nunez v. City of North Las Vegas**, 1 P.3d 959, 960 (Nev. 2000).

[28] *Smith v. Lewis*, 669 S.W.2d 558, 563 (Mo. App. 1983).

¶12.  Here, DeSoto County claims statutory judicial-action immunity under the Mississippi Tort Claims Act.[29]  It claims neither common-law nor discretionary-function immunity.[30] Were we applying common-law immunity, we would be free to limit that immunity.  But the Legislature removed our discretion with the Mississippi Tort Claims Act.  And, under the plain language of Section 11-46-9(1)(a), DeSoto County enjoys immunity for the clerk's negligence in this case.

## CONCLUSION

¶13.  Because the Mississippi Tort Claims act provides immunity for the clerk's failure to issue notice of the cancelled warrant, we reverse the circuit judge's denial of DeSoto County's motion for summary judgment and render judgment in the county's favor.

¶14.  **REVERSED AND RENDERED.**

**WALLER, C.J., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., KITCHENS AND KING, JJ.**

**CHANDLER, JUSTICE, DISSENTING:**

¶15.  I respectfully dissent. I would hold that the clerk's failure to forward the warrant cancellation notice did not "arise out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature." Miss. Code Ann. § 11-46-9(1)(a) (Rev. 2012). Therefore it should not be afforded immunity under the Mississippi Tort Claims Act.

---

[29] Miss. Code Ann. § 11-46-9(1)(a).

[30] Miss. Code Ann. § 11-46-9(1)(d).

¶16.    The clerk's deposition testimony reflects the following questions and answers:

. . .

Q.    And at that time the case was remanded to the file?

A.    Correct.

Q.    And this was an oversight on your part that there was a warrant that needed to be cancelled?

A.    Yes . . . It was a long court day. I'm not sure. I mean the cases were combined together. I'm not sure why I cancelled one and didn't cancel the other one. I just made a mistake.

Q.    Now, you did this routinely without the judge telling you to do this, right, this procedure?

A.    Yes.

Q.    Just failed to do it on this occasion with this individual?

A.    Yes.

Q.    Even though you did do it with the other individuals involved in the case?

A.    Yes.

¶17.    The clerk was not in a position to exercise discretion or judgment in choosing whether or not to cancel the warrant. Rather, the clerk had a routine ministerial responsibility to cancel warrants for charges that had been remanded to the file.[31] Mississippi Code Section 11-46-9(1)(a) extends immunity to claims arising out of "administrative action or inaction

---

[31] I acknowledge this Court's evolving treatment of discretionary functions under Section 11-46-9(1)(d). *See* **Brantley v. City of Horn Lake**, 152 So. 3d 1106 (Miss 2014), **Boroujerdi v. City of Starkville**, __ So. 3d __, 2015 WL 574802 (Miss. Feb. 12, 2015). However, that discretionary function analysis is not necessary to evaluate whether a claim "aris[es] out of a legislative or judicial action or inaction, or administrative action or inaction of legislative or judicial nature" under Section 11-46-9(1)(a).

of a legislative or judicial nature," in addition to "legislative or judicial action or inaction." Miss. Code Ann. § 11-46-9(1)(a) (Rev. 2012). One commentator has recognized that this section's grant of immunity to claims arising out of "administrative action or inaction of a legislative or judicial nature" expands judicial immunity to the quasi-judicial and quasi-legislative acts of administrative agencies. Jim Fraiser, *A Review of the Substantive Provisions of the Mississippi Governmental Immunity Act: Employees' Individual Liability, Exemptions to Waiver of Immunity, Non-Jury Trial, and Limitation of Liability*, 68 Miss. L.J. 703, 751-57 (1999). The Court of Appeals has held that the "administrative action" language embraces the clerical tasks of court officials and that, if these clerical tasks are judicial in nature, then they are covered by immunity. **Smith v. City of Saltillo**, 44 So. 3d 438, 441 (Miss. Ct. App. 2010). We also recognized this in **Collins v. Tallahatchie County**, 876 So. 2d 284, 288 (Miss. 2004), where we indicated that the acts of court staff could be considered "administrative action or inaction of a . . . judicial nature." Regardless of whether the act involved is performed by an administrative agency or by someone in an administrative position, such as a member of judicial or legislative staff, for immunity to apply under Section 11-46-9(1)(a), the act at issue must be judicial or legislative in nature. Miss. Code Ann. § 11-46-9(1)(a) (Rev. 2012).

¶18.    The analysis of whether judicial immunity applies, that is, whether the act at issue is "judicial in nature," focuses on whether the act involves an element of judicial discretion and is not merely ministerial. *See* **Antoine v. Byers & Anderson, Inc.**, 508 U.S. 429, 436, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993) (stating that "when judicial immunity is extended to

9

officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges–that is, because they, too, 'exercise a discretionary judgment' as a part of their function") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). As the trial court noted in its order denying summary judgment, state jurisdictions across the country (including those interpreting their respective state tort claims acts) have decided with relative uniformity that failure to cancel a warrant under similar factual circumstances to those we have here is ministerial in nature and not covered by immunity. *See Franklin v. City of Dayton Probation Servs. Dep't*, 672 N.E. 2d 1039 (Ohio Ct. App. 1996); *Pittman v. Lower Court Counseling*, 871 P. 2d 953 (Nev. 1994), *overruled on other grounds by Nunez v. City of North Las Vegas,* 1 P. 3d 959 (Nev. 2000); *Smith v. Lewis*, 669 S.W. 2d 558 (Mo. App. 1983); *Cook v. City of Topeka*, 654 P. 2d 953 (Kan. 1982); *Mauro v. Cnty. of Kittita*, 613 P. 2d 195 (Wash. App. 1980); *Dalton v. Hysell*, 381 N.E. 2d (Ohio Ct. App 1978), *superseded by statute*; *Calhoun v. City of Providence*, 390 A. 2d 350 (R.I. 1978); *Connell v. Tooele City*, 572 P. 2d 697 (Utah 1977); *Stine v. Shuttle*, 186 N.E. 2d 168 (Ind. App. 1962).

¶19.    In *City of Bayou La Batre v. Robinson*, 785 So. 2d 1128 (Ala. 2000), the city did not enjoy immunity where a judge faxed a warrant-cancellation notice wrong-side-up to a law enforcement agency. *Id*. at 1135. The notice was not received, resulting in an arrest that should not have occurred. *Id*. The Alabama Supreme Court stated:

> While this court has held that magistrates and clerks of court are entitled to judicial immunity for their discretionary judicial acts . . . clerks and magistrates should not enjoy the full benefit of judicial immunity when they are performing administrative tasks.

10

*Id*. at 1133.

¶20.    The policy behind affording judicial immunity would not be served by affording immunity here. The United States Supreme Court has stated:

> This [judicial] immunity . . . is for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 553-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). Here, no public-policy rationale exists to protect the independence of a deputy clerk in carrying out the routine procedural duty to generate and forward a warrant recall to the local authorities. The procedure does not involve an element of choice or judgment that must be made with independence. The clerk was not faced with the task of making a discretionary judgment call as to whether the warrant should be recalled. Rather, that determination was made by the judge in remanding the charges, and the clerk was merely tasked with the ministerial duty of generating and forwarding the warrant recall.

¶21.    While duties imposed by law are easy to label as ministerial, I do not take the position that the common law has been so abrogated that a duty must be imposed by statute in order to be classified as ministerial. Rather, even in the absence of a statutory mandate, we can determine from an examination of the circumstances on the record whether the warrant recall procedure in this case belongs under the umbrella of a "judicial act or administrative act of a judicial nature." In the similar case of *Cook v. City of Topeka*, 654 P. 2d 953 (Kan. 1982), in which the court noted that:

> . . . . the clerk's deposition outlines the procedure followed as to recall of warrants . . . The clerk's explanation as to why the plaintiff's warrant was not

> recalled was that "we had forgotten to call for it as we are supposed to" . . . . There is nothing in the record at this time indicating that the Clerk was acting under the express direction of the judge not to recall the warrant. All indications are that the recall was a routine duty of the clerk's office which, through erroneous omission, was not done.

*Id*. at 960. That decision was made in the context of Kansas' tort claims act and is parallel to the situation face today. The indication we have from the depositions is that the issuance of a warrant recall is a routine internal procedure done by the clerks without direction from the judge. The failure to do so here was simply an omission of a routine administrative task, not an administrative task of a judicial nature.

¶22.    DeSoto County points to **Smith v. City of Saltillo**, 44 So. 3d 438 (Miss. Ct. App. 2010), to support its assertion that immunity should apply. In **Saltillo**, the Mississippi Court of Appeals held, without analysis, that a municipal clerk's failure to forward a court abstract to the Mississippi Department of Public Safety was clearly "an administrative action or inaction of a legislative or judicial nature." *Id*. at 441. DeSoto County argues that there is no rational distinction between a clerk failing to send an abstract to a state agency so that a suspended license could be reinstated and the defendant's clerk failing to issue a warrant cancellation to the sheriff. I agree and would find that **Saltillo** was wrongly decided. A trial judge's (or clerk's) responsibility to send an abstract to the Department of Public Safety is an action mandated by statute. *See* Miss. Code Ann. § 63-11-37 (Rev. 2013). The statutory mandate eliminates any element of discretion and makes the duty to forward the abstract ministerial and therefore exempt from immunity.

¶23.    DeSoto County also points to ***Collins v. Tallahatchie Cnty.***, 876 So. 2d 284 (Miss. 2004), in which this Court found that both the issuance and service of a warrant are judicial in nature. ***Id***. at 287. But the nature of executing and serving a warrant is distinguishable from failing to recall a warrant; the duty to recall a warrant is disconnected from the discretionary decision of whether the warrant should be recalled at all. ***Collins*** is distinguishable and should not control this case.

¶24.    The majority's position would allow the term "judicial nature" to embrace a myriad of merely clerical, ministerial acts triggered by a court order. That approach would expand the scope of immunity beyond what this court has ever held or the Legislature intended. On the facts of this case, the clerk's inaction was merely administrative in nature, not an administrative act of a judicial nature, and it does not fall within Section 11-46-9(1)(a).

**CONCLUSION**

¶25.    The trial court correctly found that immunity did not attach to the deputy clerk's failure to recall T.D.'s warrant after the judge remanded T.D.'s charges to the file. The deposition testimony indicates that the warrant-recall procedure was a routine ministerial task not requiring the use of judgment or discretion and not  directed by the judge as part of his judicial determination to remand the charges. Because I would affirm the trial court's denial of the County's motion for summary judgment and remand the case to the DeSoto County Circuit Court for further proceedings, I respectfully dissent.

**RANDOLPH, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.**

13