An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKY D. LEWIS,
Appellant,
vs.
NEVADA BOARD OF PAROLE
COMMISSIONERS; THE STATE OF
NEVADA; AND DENISE DAVIS,
Respondents.

No. 63472

FILED

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order granting a motion to dismiss a complaint challenging the denial of parole. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

This court reviews a district court's order granting a motion to dismiss de novo. *Munda v. Summerlin Life & Health Ins. Co.*, 127 Nev. Adv. Op. No. 83, 267 P.3d 771, 774 (2011). Allegations in the complaint must be accepted as true, *see Capital Mortg. Holding v. Hahn*, 101 Nev. 314, 315, 705 P.2d 126, 126 (1985), and dismissal is appropriate where allegations are insufficient to establish the elements of a claim for relief, *see Stockmeier v. Nev. Dep't of Corr. Psychological Review Panel*, 124 Nev. 313, 316, 183 P.3d 133, 135 (2008). If matters outside the pleadings are considered, this court reviews the dismissal order as though it were an order granting summary judgment. *Witherow v. State, Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007); NRCP 12(b). A district court must grant summary judgment when the pleadings and evidence in the record demonstrate that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a

SUPREME COURT
OF
NEVADA

(O) 1947A

15- 11524

matter of law. *Id.* at 308, 167 P.3d at 409. A genuine issue of material fact exists when a reasonable jury could return a verdict for the nonmoving party. *Id.*

First, we conclude that the district court properly dismissed the complaint to the extent that appellant raised claims alleging violations of 42 U.S.C. § 1983 as the State and the Board of Parole Commissioners are not persons and cannot be sued under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989). Further, nothing in the complaint indicates that the Executive Secretary of the Board was sued in her individual capacity, and an official acting in her official capacity is not a person and cannot be sued under 42 U.S.C. § 1983.[1] *Id.* at 71.

Appellant did not provide cogent argument in support of his claims of contempt and harassment, and thus, these claims were properly dismissed for failing to establish the elements of a claim for relief. *Stockmeier*, 124 Nev. at 316, 183 P.3d at 135.

Regarding appellant's claim for declaratory relief that NRS 213.1215 is unconstitutionally vague, the district court did not err in dismissing this claim as appellant failed to establish the elements of a

---

[1]An official acting in her official capacity could be sued for prospective injunctive relief. *See id.* at 71. Nothing in the complaint suggests that appellant was seeking prospective injunctive relief regarding the actions of the Executive Secretary in sending him a letter denying his motion for reconsideration. The only prospective injunctive relief sought was an order of release on parole. We note that such relief was inappropriate in an action brought pursuant to 42 U.S.C. § 1983 as a challenge to the fact or duration of confinement must be brought in a petition for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

claim for relief. *See Stockmeier*, 124 Nev. at 316, 183 P.3d at 135. Appellant failed to show that the terms of the statute were so vague that men of common intelligence were required to guess as to its meaning or that the terms of the statute encouraged differing applications. *See Nev. Comm'n on Ethics v. Ballard*, 120 Nev. 862, 868, 102 P.3d 544, 548 (2004).

Appellant's claim of negligence, that the Board of Parole Commissioners failed to apply the correct standard for denial of parole as set forth in NRS 213.1215, cannot be fairly construed as a claim raised under 42 U.S.C. § 1983 and thus, this claim was not barred by the definition of person under 42 U.S.C. § 1983. Likewise, the Board's decision regarding application of the mandatory standard set forth in NRS 213.1215 is not subject to a claim of immunity pursuant to NRS 41.032(2).[2] Nevertheless, the claim was properly denied. In the proceedings on the motion to dismiss, the district court was presented

[2]The district court correctly observed that the Board had absolute quasi-judicial immunity in the discretionary decision of whether to grant or deny parole, and the Board had absolute quasi-judicial immunity in its finding that "there is a reasonable probability that the prisoner will be a danger to public safety if parole is granted." *See Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. Op. No. 19, 255 P.3d 209, 215 (2011); *see also State of Nev. v. Second Judicial Dist. Court (Ducharm)*, 118 Nev. 609, 616, 55 P.3d 420, 424 (2002). However, the decision to apply the standard for parole release mandated by the legislature in NRS 213.1215 would not be subject to immunity as it is a ministerial act and not a discretionary act. *Pittman v. Lower Court Counseling*, 110 Nev. 359, 364, 871 P.2d 953, 956 (1994), *overruled on other grounds by Nunez v. City of N. Las Vegas*, 116 Nev. 535, 1 P.3d 959 (2000). Further, while quasi-judicial immunity would not extend to declaratory or injunctive relief, *see Stockmeier*, 127 Nev. Adv. Op. No. 19, 255 P.3d at 215, this order has already addressed the fact that the claims for declaratory (constitutionality of 213.1215) and injunctive (release on parole) relief were properly dismissed by the district court.

with a copy of the order denying mandatory parole showing that the Board applied the standard set forth in NRS 213.1215. In light of this evidence, this court will review the dismissal order regarding this claim as though it were an order granting summary judgment. *Witherow*, 123 Nev. at 307-08, 167 P.3d at 409. Because the order denying mandatory parole release belies appellant's claim, there is no genuine issue of material fact and the respondents were entitled to judgment as a matter of law. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Richard Wagner, District Judge
        Ricky D. Lewis
        Attorney General/Dep't of Public Safety/Carson City
        Pershing County Clerk