# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY KERKORIAN,
Petitioner,
vs.
THE GOVERNOR OF NEVADA, STEVE
SISOLAK; AND THE DIRECTOR OF
NEVADA DEPARTMENT OF
CORRECTIONS, CHARLES DANIELS,
Respondents.

No. 80917

FILED

APR 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition seeks a writ of mandamus (1) directing the Governor and the Director of the Nevada Department of Corrections (Director) to "take all actions necessary to prevent the spread of the highly infectious and deadly COVID-19 virus to vulnerable populations in State custody," (2) directing the Governor to use his emergency powers under NRS Chapter 414 in a number of specific ways to reduce the prison population, and (3) commuting petitioner Gregory Kerkorian's sentence to time served and directing his immediate release from prison.

As a threshold matter, we note that petitioner purports to seek relief on behalf of the entire "vulnerable population[ ] in State custody." But it does not appear that a petition of this sort may be used as an ad hoc class action, given that doing so would sidestep the procedural requirements that would otherwise apply. *See* NRCP 23; *see also United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1539-40 (2018) (questioning "functional class actions" where there has been no formal mechanism for aggregating claims). Amici's briefing attempts to further widen the appropriate scope of

20-16480

Kerkorian's petition by pointing to an entirely different writ—habeas corpus—for our consideration. This too was likely procedurally improper, *see* 3B C.J.S. *Amicus Curiae* §§ 17-18 (2013), in addition to seeking relief that is beyond the scope of habeas corpus in Nevada, *see Bowen v. Warden,* 100 Nev. 489, 490, 686 P.2d 250, 250 (1984) (holding that challenges to conditions of confinement cannot be raised in a habeas corpus petition); *Director, Nev. Dep't of Prisons v. Arndt,* 98 Nev. 84, 86, 640 P.2d 1318, 1319 (1982) (observing that this court has "consistently held that use of the extraordinary writ [of habeas corpus] is warranted only to challenge present custody or restraint and the legality of that confinement").

Based upon our review of the documents filed in this court, we decline to exercise our original jurisdiction as to the claims Kerkorian asserts on his own behalf for two interrelated reasons. First, the record is replete with contested issues of fact which this court, as an appellate tribunal, cannot call live witnesses to hearing to resolve. Second, given the conflicts in the facts asserted, we cannot say, as a matter of law, that the respondents have violated a clear and unmistakable legal duty to act, which is what the law requires for a writ of mandamus to issue from this court. *Poulos v. Eighth Judicial Dist. Court,* 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982) ("We have consistently attempted to reserve our discretion for those cases in which there was no question of act, and in which a clear question of law, dispositive of the suit, was presented for our review.").

"[A]n appellate court is not an appropriate forum in which to resolve disputed questions of fact." *Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 604, 637 P.2d 534, 536 (1981). Our review of the petition demonstrates that it presents disputed facts regarding the actions taken by

the respondents and what further actions should be taken, if any. When there are factual issues presented, this court will not exercise its discretion to entertain a mandamus petition even though "important public interests are involved." *Id.*

Given the underlying factual disputes, Kerkorian has not demonstrated that respondents have a duty to act in a specific manner. *See* NRS 34.160 (providing that a writ of mandamus may be issued "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station"); *see also In re Montierth*, 131 Nev. 543, 550, 354 P.3d 648, 652 (2015) (describing a "ministerial" act as "an act performed by an individual in a prescribed legal manner in accordance with the law, without regard to, or the exercise of, the judgment of the individual" (quoting *Pittman v. Lower Court Counseling*, 110 Nev. 359, 364, 871 P.2d 953, 956 (1994), *overruled on other grounds by Nunez v. City of N. Las Vegas*, 116 Nev. 535, 1 P.3d 959 (2000))); *Round Hill*, 97 Nev. at 603, 637 P.2d at 536 (recognizing that the respondent must have "a clear, present legal duty to act). Without an unmistakable duty to act—or a manifest abuse of discretion in disregarding such a duty—mandamus does not lie.

And finally, Kerkorian has not demonstrated respondents have acted arbitrarily or capriciously, or manifestly abused their discretion because he has not demonstrated a constitutional violation (i.e., cruel and unusual punishment based on the conditions of confinement or an equal protection violation). *See Round Hill*, 97 Nev. at 604, 637 P.2d at 536 (recognizing an exception to the general rule that mandamus may not be used to control a discretionary action for when "discretion is manifestly

abused or is exercised arbitrarily or capriciously"); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (requiring a prisoner to demonstrate that he or she has been incarcerated under conditions posing a substantial risk of serious harm and that the prison official's state of mind was deliberate indifference to inmate health and safety); *Butler v. Bayer*, 123 Nev. 450, 459, 168 P.3d 1055, 1062 (2007) ("[T]he official must actually know of and disregard an excessive risk to inmate health or safety."); *Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000) (providing that an equal-protection analysis depends on the level of scrutiny to be applied, and unless the case involves fundamental rights or a suspect class, the government's actions will likely be upheld if there is a rational basis for them); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) (determining prisoners are not a suspect class).

Our observations are consistent with those made by other courts faced with making COVID-related decisions of this character and magnitude. For instance, the Kansas Supreme Court recently transferred to a state district court a case where a petitioning prisoner sought release for himself and other prison inmates with preexisting medical conditions in light of the pandemic, determining that there were "significant issues of fact and [that] those issues must be determined before the questions of law presented by [the petition] can be addressed." *Hadley v. Zmuda*, No. 122,760, Order Canceling Oral Argument and Transferring Jurisdiction (Kan. April 14, 2020), available at https://www.kscourts.org/Cases-Opinions/High-Interest-Cases/James-Hadley,-et-al-v-Jeffrey-Zmuda,-Secretary-of. And the Washington Supreme Court likewise denied a petition for writ of mandamus much like that filed here because petitioners had "not shown

that the Respondents are currently failing to perform a mandatory, nondiscretionary duty in addressing the COVID-19 risk at the Department of Corrections facilities, nor shown other constitutional or statutory grounds for the relief they request." *Colvin v. Inslee*, No. 98317-8, Order at 1-2 (Wash. April 23, 2020), available at http://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Or ders/983178PublicOrder042320.pdf (last visited April 30, 2020). Indeed, we have not found any case from a state appellate court responding to a petition of this sort differently than we do here. *See, e.g., Comm. for Pub. Counsel Servs. v. Chief Justice of Trial Court*, No. SJC-12926, 2020 WL 1659939, at *3 (Mass. Apr. 3, 2020) (concluding that absent a constitutional violation, the court could not take any action to commute or modify sentences or order the early release of prisoners currently serving sentences of incarceration because doing so "would usurp the authority of the executive branch"); *Smith v. Montana, Dep't of Corrs.*, No. OP 20-0185, 2020 WL 1660013, at *1-2 (Mont. Mar. 31, 2020).[1]

For these reasons, we conclude that Kerkorian has not established a basis for this court to issue extraordinary writ relief. We therefore deny his petition but do so expressly without prejudice to his

---

[1]The respondents note that the federal district court denied a TRO from an immigrant detainee with similar arguments because the petitioner could not show more than speculative harm. *See Ramirez v. Culley*, No. 2:20–cv–00609–JAD–VCF, 2020 WL 1821305 (D. Nev., Apr. 9, 2020).

seeking appropriate relief before a district court, the Nevada Parole Board, or the Nevada Pardons Board. Accordingly, we

ORDER the petition DENIED.[2]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Michael J. McAvoyAmaya
       The Draskovich Law Group
       Attorney General/Carson City
       Attorney General/Las Vegas
       Federal Public Defender/Las Vegas
       Nye County Clerk

_____

[2]Kerkorian filed a motion to seal the reply and supplemental appendix pending further action on those documents after this court had an opportunity to determine whether they should be publicly filed, remain filed under seal, or stricken from the record. The controversial information included in those documents is not necessary to our decision; thus, we do not need to resolve the confidentiality and waiver issues implicated in the pending motion and related pleadings. For that reason and in the interest of expediency, we deny the motion, except to the extent that we allow the redacted versions of the reply and supplemental appendix to remain filed on the docket, which is publicly available. We direct the clerk of this court to strike the *unredacted* reply provisionally filed on April 24, 2020. The clerk also shall not accept for filing any *unredacted* version of the supplemental appendix.